# BENNINGTON COUNTY.

## FEBRUARY TERM, 1843.

PRESENT HON. STEPHEN ROYCE,
"    MILO L. BENNETT,   } *Assistant Justices.*
"    WILLIAM HEBARD,

---

### ROYAL W. IRISH *v.* ISAIAH MATTISON.

An enlistment into a fire company, from an independent company of militia, works an exemption from military duty, under the militia law of 1837, the same as such enlistment from a standing company.

THIS was an action for false imprisonment, and was submitted to the county court, upon the following case stated by the agreement of parties :

" The imprisonment of the plaintiff by the defendant is admitted. The defendant, at the time of the arrest and imprisonment of the plaintiff, was quarter master of the first regiment, first brigade and second division of Vermont militia, and justifies said arrest and imprisonment under an execution issued by Norman Blackmer, colonel of said regiment, for the amount of a fine for the non-performance of military duty. It is admitted that, at the time of the non-performance of said military duty, and for about one year previous, the plaintiff was, and had been, a member of the North Bennington Fire Company, at Bennington, and was duly returned by the regular officers of said fire company, as one of the twenty members exempt from military duty.

" It is also admitted that the plaintiff, previous to his enlistment into said fire company, was a member of the artillery company at Bennington, belonging to the aforesaid regiment, and had never been discharged therefrom, by any of the commanding officers of said company. The regular organization of said military company, the warning of the plaintiff to do military duty, and his omission to do the same, are all admitted. The due organization of said fire company, and

Bennington,
February,
1843.

Irish
v.
Mattison.

the excuse of the plaintiff, as a member of the same, to the proper military officer, duly made, after having been warned to do military duty, are also admitted. Now, if the court shall be of opinion that the plaintiff was not subject to do military duty in said artillery company, from the facts above stated, then judgment is to be rendered for the plaintiff for $5.25 damages and his cost; otherwise, the defendant to recover his cost."

Upon this statement of the case, the court rendered judgment for the defendant, to which the plaintiff excepted.

*A. P. Lyman,* for plaintiff.

It is contended that the plaintiff, while a member of the North Bennington Fire Company, was an exempt from military duty, notwithstanding he might have been a member of an independent military company previous to his enlistment into the Fire Company, and had never been discharged therefrom. Comp. Laws, 557, ch. 1, §2. If the plaintiff was exempt from military duty, no military officer had any jurisdiction over him. *M'Lane* v. *Stewart,* Swift's Ev. 359; *Darling* v. *Bowen,* 10 Vt. R. 148.

The second section of the seventh chapter of the militia law, Comp. Laws, 568, cannot be construed to apply to individuals not subject to military duty. It is intended to regulate the conduct of individuals *subject* to military duty, who might wish to change their situation from one company to another.

It is said the plaintiff's privilege is to be distinguished from that of the judges of our courts, for the reason that his connection with the North Bennington Fire Company was a voluntary act. But the plaintiff contends that it is the situation he occupies that makes him an exempt, and not the way or manner in which he acquired it. Ministers of the gospel, faculties and students of colleges, practising physicians, ferrymen and millers, all occupy their places by their voluntary act, and yet are exempt by the statute.

But it is further contended, that the statute under which the fire company is organized, makes the plaintiff an exempt from military duty, independently of the law governing the militia. Rev. Laws, ch. 14, §13.

*J. S. Robinson,* for defendant.

The plaintiff, at the time he enlisted into the fire company, was a member of an independent company. It is true that the second section of the first chapter of the militia law exempts from militia duty, members of fire companies to the number of twenty to each engine; but the plaintiff, previous to his enlistment into the fire company, had subjected himself to the second and fourth sections, chapter seventh of the militia law, which provide that a private of a standing, enlising into an independent, company, shall be holden to serve in such company until he shall have arrived to the age of forty years, or until he shall be discharged by the commanding officer of the company or regiment to which he belongs. Can the plaintiff, then, by his voluntary act, discharge himself from a standing company? Is he not liable to do military duty, until discharged, in the way provided in the second and fourth sections? Where there are contradictory provisions in a statute, the latter will suspend the former, unless the court can so construe them that the whole may, if possible, stand.

It is apparent, then, upon a just construction of these several provisions of the law, that the legislature intended to restrict the exemption, to the privates in the standing companies, who should become members of fire companies. Dwarris on Stat. 31, 85 & 6.

The opinion of the court was delivered by

Royce, J. — The case is governed by the militia act of November 1, 1837. In the second section of the first chapter of that statute, " members of fire companies, to the num- ' ber of twenty to each engine, in times of peace only, and ' so long as they shall continue members of said fire com- ' pany," are declared to be exempt from military duty. This section, standing alone, would be quite sufficient to determine the case in favor of the plaintiff. But the first, second and fourth sections of chapter seven, of the same act, must also be noticed. The first section of this chapter authorizes enlistments from the standing companies of militia into the independent companies of light infanty, riflemen, and artillery. The second section enacts, that non-commissioned officers and privates, who shall enlist into any such indepen-

dent company, shall be holden to service therein until they respectively arrive at the age of forty years, unless discharged from such service by the proper officers. And this obligation to serve is repeated in the 4th section.

The question, then, is, whether the second section of the first chapter, which apparently exempts the plaintiff from military duty, is counteracted and controlled by these sections of the 7th chapter. It is argued that this should be the effect, according to certain acknowledged rules for construing statutes : — as that when a general intention is expressed in a statute, and the act also expresses a particular intention incompatible with the general one, the particular intention should be considered in the nature of an exception. And again,—that if the latter part of a statute be repugnant to the former part, it shall stand, and, so far as it is repugnant, be a repeal of the former part ; because it was last agreed to by the law-makers. In order, however, to give these rules of construction the effect contended. for, in this instance, we should first be satisfied that the legislature, in these different parts of the statute, had in view the same subject-matter for the law to operate upon :—in other words, that the sections, to which I have referred, in the 7th chapter, may, as probably, have been intended to embrace the persons described in the 2d section of the 1st chapter, as other persons generally. But we think that such a supposition is not justified, upon a full view of the statute. There is no provision in the 7th chapter, expressly extending to the exempts mentioned in the 1st chapter. And when clergymen, magistrates, executive officers, and certain other classes of persons, had been once exempted from military duty by the act, it is utterly improbable that they should have been purposely rendered liable to that duty by another portion of the same statute. It has been decided, in this state, and elsewhere, that persons exempted by law from military duty, are not within the appropriate military jurisdiction. It should, therefore, be presumed, that when the statute had once designated a class of permanent exempts, it proceeded throughout, with a tacit exclusion of those persons from its subsequent provisions.

Again, — it is contemplated that the independent companies will be mainly filled up by enlistments from the stand-

ing companies; but exempts are not supposed to remain members of the standing companies. It is also provided by the 4th section, already cited, that if a person enlisting into an independent company shall neglect, for three months, to equip himself, he may be discharged and turned back upon the standing company; but an exempt could not be thus turned back, nor compelled to serve in the standing company. Hence, it may be strongly inferred, that permanent exempts are not within the purview of the 7th chapter.

It is true, that the plaintiff must be taken to have acted voluntarily in becoming a member of the fire company. But if this should deprive him of his exemption from military duty in an independent company, it would seem that he should be equally deprived of it, had he remained in the standing company. In each case the obligation to serve till a given age is sufficiently express and peremptory.

It may be material to remark, that the plaintiff had first enlisted into the independent company. Had he so enlisted when already an exempt as a member of the fire company, the case might, perhaps, deserve a different consideration.

Judgment of county court reversed, and judgment for plaintiff to recover $5.25 damages, and costs.